# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

JOHN EDWARD SCHNEIDER, )
)
    Plaintiff, )
)
v. ) Case No. CV410-015
)
JOHN HOPE, Prosecutor for )
the City of Hinesville, Individually )
and in his official capacity, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

Inmate John Edward Schneider has filed an action pursuant to 42 U.S.C. § 1983. Doc. 1. He also moves for leave to *proceed in forma pauperis.* Doc. 2. His request to proceed *in forma pauperis* should be **DENIED**, and this case should be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

Plaintiffs are generally required to pay a filing fee in order to institute any civil action in federal district court. 28 U.S.C. § 1914. Indigent prisoners may commence an action without prepayment of

the filing fee if they proceed *in forma pauperis* under § 1915.[1] But to do that they must satisfy § 1915(g), which states that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has filed at least three civil actions dismissed for failure to state a claim for relief, resulting in three "strikes" under

---

[1] Prisoners, unlike other indigents, are always required to pay the filing fee, but they may do so over time rather than paying the entire cost up-front. 28 U.S.C. § 1915(b)(1).

§ 1915(g):[2] *Schneider v. Wiggins*, CV407-158 doc. 8, 9 (S.D. Ga. Dec. 11, 2007); *Schneider v. Hine*, CV407-142, doc. 7, 10, 11 (S.D.Ga. Nov. 14, 2007); *Schneider v. Hope*, CV408-152, doc. 7, 12, 14, 15 (S.D.Ga. Jan. 14, 2009).[3] For that matter, Schneider has

---

[2] As one court has explained:

> For purposes of determining whether a strike has occurred, Section 1915(g) focuses the inquiry on the prisoner's act of bringing an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). The focus on the prisoner's litigation activity is consistent with the objectives of the PLRA. *See* [*Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir.2007)] ("'Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals.'") (quoting *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir.1997)).

*Palmer v. New York State Dept. of Corrections*, 342 F'Appx. 654, 655 (2nd Cir. 2009); *compare Pointer v. Wilkinson*, 502 F.3d 369, 272-73 (2nd Cir. 2007) (prisoner's prior complaint dismissed in part *with* prejudice for failure to state a claim and in part without prejudice for failure to exhaust administrative remedies qualified as a strike); *McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (the dismissal of an action *without* prejudice for failure to state a claim may not count as a "strike" under the PLRA); *with id.* at 399 (dismissals without prejudice for *frivolousness* should *not* be exempted from 28 U.S.C. § 1915(g)). Frivolous appeals from a case dismissed as frivolous fetches two strikes. *Burgess v. Conway*, 631 F. Supp.2d 280, 282 (W.D.N.Y. 2009).

[3] Courts

> can take judicial notice of a plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 Fed. Appx. 483, 485-86 (6th Cir.2005). This Court obtained the information about plaintiff's prior dismissals from the PACER system and this Court's own website, both of which this Court is entitled to take judicial notice of. *See Mangiafico v. Blumenthal*, 358 F. Supp.2d 6, 9-10 (D. Conn.2005); *Graham v. Smith*, 292 F. Supp.2d 153, 155, n. 2 (D. Me.2003).

*Kinard v. Booker*, 2010 WL 522773 at * 2 (E.D. Mich. Feb. 8, 2010).

routinely burdened this Court with cases that he files but then abandons. *See, e.g., Schneider v. Jacobs*, CV400-296 doc. 4, 6, 7 (S.D. Ga. Feb. 1, 2001) (case dismissed over his failure to send in IFP forms); *Schneider v. City of Hinesville,* CV410-016, doc. 6, 11, 12 (S.D. Ga. Apr. 7, 2010) (same).

Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice. § 1915(g). In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint fails to allege that he is presently in imminent danger of serious physical injury. Doc. 1. In fact, all he has done is essentially repeat a familiar pattern: he runs afoul of the criminal law, then sues those who prosecute him, even though this Court in the past has explained to him such suits are typically barred until he shows that a finalized conviction has been vacated. Accordingly, Schneider has not demonstrated that he is entitled to proceed without prepayment of the filing fee under 28 U.S.C. § 1915.

The "three strikes" provision of § 1915(g) was created specifically to aid the courts by discouraging prisoners from filing baseless claims and to exact a penalty when they persist. Plaintiff's motion to proceed without prepayment of fees (doc. 2) therefore is **DENIED,** and his case should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee. Plaintiff is cautioned that if he continues to bring civil actions in this Court without tendering the required $350 filing fee, he may be subject to sanctions, including contempt citations or prohibitions on filing *any* cases in this Court. *Barbour v. U.S. Code 2403(a)*, CV410-077 doc. 6 (S.D. Ga. Apr. 5, 2010).

**SO REPORTED AND RECOMMENDED** this 28th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

5